UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | No.  1:20-CR-10136-RGS |
| ) | |
| TARIK MUHAMMAD,  ) | |
| ) | |
| Defendant.   ) | |

### SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

In addition to those arguments raised in the United States' opposition, *see* Dkt. No. 433, and with the benefit of evidence adduced at the November 18, 2021 suppression hearing, the government offers an additional ground supporting denial of defendant Tarik Muhammad's motion to suppress:

The defendant has failed to establish standing as to the cocaine recovered from the back of law enforcement's transport wagon on April 8, 2020.  *See United States v. Lipscomb*, 539 F.3d 32, 35-36 (1st Cir. 2008) (defendant has burden of establishing reasonable expectation of privacy with respect to area searched or item seized when asserting Fourth Amendment violation); *United States v. Aguirre*, 839 F.2d 854, 856 (1st Cir. 1988) ("Unless and until the 'standing' threshold is crossed, the *bona fides* of the search and seizure are not put legitimately into issue.").  Not once in the defendant's motion to suppress, supporting memorandum, submitted affidavit, or at the suppression hearing itself did the defendant assert or otherwise show a legitimate expectation of privacy in the area searched (the back of a police transport wagon) or the item seized (cocaine).[1]  Indeed, the defendant's submissions (in particular, his affidavit)

---

[1] *See United States v. Wilkins*, 451 F. Supp. 3d 222, 230 (D. Mass. 2020) (questioning whether a defendant may hold a reasonable expectation of privacy in contraband (citing *Illinois v. Caballes*, 543 U.S. 405, 410 (2005)).

show him carefully sidestepping any claim or possessory assertion as to whether he even had drugs on his person on April 8, 2020.

It "has been well settled for over twenty years that testimony given to meet standing requirements cannot be used as direct evidence against the defendant at trial on the question of guilt or innocence." *United States v. Lewis*, 40 F.3d 1325, 1332-35 (1st Cir. 1994). And though the United States flagged the issue of standing in its opposition, *see* Dkt. No. 433 at 2, 27, the defendant submitted no briefing and offered no factual bases at the suppression hearing to clarify the factual or legal grounds upon which he seeks to challenge the cocaine's seizure.

The law is axiomatic that "a criminal defendant cannot challenge a search or seizure unless and until he has crossed the 'standing' threshold." *United States v. Romain*, 393 F.3d 63, 68 (1st Cir. 2004). Put another away, "[b]efore a court may reach the merits of a motion to suppress, the defendant [must] carr[y] the burden of establishing that he had a reasonable expectation of privacy with respect to the area searched, or . . . the items seized." *United States v. Rodriguez-Lozada*, 558 F.3d 29, 37 (1st Cir. 2009) (internal quotation marks omitted). The defendant has established no possessory or privacy interest in the drugs lawfully recovered in plain view[2] from the police wagon's rear. He therefore has no standing to allege an illegal search or seizure as to the twenty-plus grams of cocaine seized in plain view from law enforcement's own vehicle following the defendant's intentional destructive efforts. *United States v. Mancini*, 8 F.3d 104, 107 (1st Cir. 1993) (a defendant who fails to demonstrate a legitimate expectation of privacy in the area searched or item seized will not have standing to

---

[2] *See generally Coolidge v. New Hampshire*, 403 U.S. 443, 464-73 (1971) (the plain view doctrine allows police to seize evidence without a warrant where the evidence is in plain view, police are legitimately in the area from which evidence is seized, and evidence is immediately and apparently connected to criminal activity).

claim an illegal search or seizure occurred); *see also United States v. Salvucci*, 448 U.S. 83, 95 (1980).

Furthermore, this Court should strike the defendant's affidavit. The defendant did not testify at the suppression hearing. Thus, the government could not cross-examine him as to its contents. *See United States v. Baskin*, 424 F.3d 1, 3 (1st Cir. 2005) (affirming district court's striking of defendant's testimony at suppression hearing where he refused to answer questions on cross-examination); *see also United States v. Cabral*, 965 F. Supp. 2d 161, 167-68 (D. Mass. 2013) (recognizing district court's discretion under *Baskin* to strike affidavit if, during suppression hearing, defendant elects not to testify). The defendant's sworn claims remain uncorroborated, unsubstantiated, and wholly untested by cross-examination. Additionally, no evidence otherwise supported any of the defendant's allegations. Accordingly, his affidavit merits no consideration and holds no evidentiary value.

## CONCLUSION

For all of the reasons articulated herein and in the United States' previously submitted opposition, the government respectfully requests that this Court deny the defendant's Motion to Suppress.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Kaitlin R. O'Donnell
Timothy E. Moran
Kaitlin R. O'Donnell
Assistant United States Attorneys

Date: November 30, 2021

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                */s/ Kaitlin R. O'Donnell*
                                Kaitlin R. O'Donnell
                                Assistant U.S. Attorney

Date: November 30, 2021