UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 20-10136-RGS
CIVIL ACTION NO. 23-12872-RGS

UNITED STATES OF AMERICA

v.

TARIK MUHAMMAD

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

January 17, 2024

STEARNS, D.J.

Petitioner Tarik Muhammad, proceeding *pro se*, brought this petition on November 28, 2023, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  The basis for the petition is an alleged ineffective

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

assistance of counsel. Because the court agrees with the government that the petition is untimely and that the doctrine of equitable tolling does not relieve the defendant of the statute of limitation, the petition will be DENIED. *See Barreto-Barreto v. United States*, 551 F.3d 95, 101 (1st Cir. 2008); *Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003).

## ORDER

For the foregoing reason, petitioner's motion to vacate, set aside, or correct his sentence is DENIED.[2]

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also DENIED, the court seeing no meritorious or substantial basis for an appeal. The Clerk will close the matter and notify the petitioner accordingly.